UNITED STATES DISTRICT COURT                          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEENEN PARKER,

                              Plaintiff,

                                                      MEMORANDUM AND ORDER
                 -against-
                                                      09-CV-0910 (JG)
THE CITY OF NEW YORK; NEW YORK POLICE
DEPARTMENT; D.A. CHARLES HYNES;
A.D.A. ROBERT WALSH;
N.Y.P.D. DET.WILLAM HOGAN;
P.O. ANDREA SIMMONDS, and P.O. HALE,

                              Defendants.
------------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

          *Pro se* plaintiff Keenen Parker, who is currently incarcerated at Rikers Island,

filed this *pro se* action pursuant to 42 U.S.C. § 1983 on March 2, 2009.  Plaintiff's application to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, the complaint is dismissed in

part, and the claims against defendants Hogan, Simmonds, and Hale may proceed.

                                   BACKGROUND

          According to his complaint, Parker was stopped by Police Officers Andrea

Simmonds and Hale[1] following a traffic stop while he was riding a dirt bike on Vernon Avenue

on April 9, 2005.  During this encounter, Officer Simmonds "lied and stated I had a warrant,"

and Officer Hale then held his service weapon to Parker's head.   Compl. 4.  Officer Simmonds

handcuffed him and put him into the squad car.  Parker alleges that he was "illegally detained,

violating my 4th amendment right on false acusations of having a warrant . . . ." [*sic*]  Addendum

to Compl. 1.  He also alleges that the use of the service weapon "is deemed to be cruel and

unusual violating my 8th amendment right!"  *Id.*

---
          [1]        The complaint does not indicate Officer Hale's first name.

Parker then describes Detective Willam Hogan's investigation of the September 11, 2004 shooting of Stephon Blackeny, and alleges that a series of witnesses gave false information implicating Parker as the shooter. *Id.* at 2. Parker maintains that Hogan "never obtained a warrant from a judge but placed a wanted for questioning," and claims that these actions violated his Eighth and Fourteenth Amendment rights. *Id.*

Parker further alleges that Kings County District Attorney Charles Hynes and Assistant District Attorney Robert Walsh reviewed and prosecuted the case against him. He asserts that the witnesses against him were "gang members[,] drug dealers and junkies who all lied and testified at trial with lies befor[e] the court with statements that never matched the crime scene." *Id.* at 3. He also claims that a Detective Pugliese witnessed the shooting and denied that Parker was the shooter. He argues that Walsh knew that the witnesses lied, and that Hynes disregarded Pugliese's statement. Parker suggests that the prosecutors and the judge presiding over his trial were motivated by racial prejudice. *Id.* at 5 ("If the judicial system is about violating civil rights of Black people, then what rights do I have?").

Parker demands $150 million in damages and the removal of all defendants from their positions.

DISCUSSION

A.      *Standard of Decision*

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss the case of a litigant proceeding *in forma pauperis* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A requires me to review the complaint in a civil

action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint," on the same grounds described above.  28 U.S.C. § 1915A(b).

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers. . . .'"  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Indeed, I must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a *pro se* litigant should be granted leave to amend.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

B.      *Civil Rights Claims*

To the extent that Parker seeks damages for alleged violations of his constitutional rights, his claims could be cognizable under 42 U.S.C. § 1983.  In order to maintain a § 1983 action, Parker must allege that the conduct complained of (1) was "committed by a *person* acting under color of *state* law," and (2) "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added).

In order to bring a claim pursuant to § 1983, a plaintiff must also show that each of the named defendants is "personally involve[d]" in the alleged deprivation of rights.  *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986).  A supervisory official is deemed to have been personally involved in a constitutional violation if that official directly participated in the infraction; if, after learning of a violation, he or she failed to remedy the wrong; if he or she

created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.* at 323-24.

1.    *No Liability against the City of New York*

Parker names the City of New York and the New York Police Department as defendants. The police department is a city agency and not a suable entity. Although the City of New York may be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Although Parker suggests a policy of racial prejudice in the judicial system, he does not allege any unconstitutional policy or custom attributable to the City of New York. Accordingly, the City of New York and the New York City Police Department must be dismissed as defendants.

2.    *Potential Fourth Amendment Claims*

To the extent that Parker seeks to bring a claim of malicious prosecution against Kings County District Attorney Charles B. Hynes and Assistant District Attorney Robert Walsh, his claim must be dismissed. In order to establish liability for malicious prosecution, a plaintiff must establish the following elements: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause

for commencing the proceeding; and (4) actual malice as motivation for defendant's actions. *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004). Here, Parker has failed to allege that the prosecution terminated in his favor. Moreover, prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence a prosecution. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). For these reasons, the claims against defendants Hynes and Walsh must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

Plaintiff's allegations regarding the circumstances of his arrest could be construed as a claim for false arrest. Although favorable termination is not an element of a claim for false arrest under New York law or § 1983, *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (citing)), the New York Court of Appeals has stated that "a conviction which survives appeal would be conclusive evidence of probable cause." *Broughton v. State*, 37 N.Y.2d 451, 458 (1975). Although Parker's January 19, 2009 complaint alludes to his trial and conviction, the Kings County Supreme Court's online docket information suggests that he was not convicted until May 6, 2009. *See* http://iapps.courts.state.ny.us/webcrim_attorney/AttorneySearchCase#search_result (search for Keenan Parker last conducted on May 15, 2009). In any event, there is no indication that his conviction has survived appeal, so Parker is not categorically unable to prove the elements of false arrest. Accordingly, his claims against defendants Hogan, Simmonds, and Hale may proceed at this time.

CONCLUSION

For the reasons set forth above, the claims against the City of New York, the New York Police Department, District Attorney Charles B. Hynes and Assistant District Attorney Robert Walsh are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants. Parker's claims against Detective Hogan and Officers Simmonds and Hale may proceed. The Court respectfully directs the Clerk of Court to issue summonses to those defendants, and directs the United States Marshals Service to serve copies of the Complaint, this Order, and the summonses on these defendants. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
John Gleeson

Dated: Brooklyn, New York
     May 15, 2009

John Gleeson
United States District Judge