| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------ X
KEENEN PARKER,                                              :
                                                            :
                      Plaintiff,   :   MEMORANDUM
                                                            :   AND ORDER
        - against -                                    :
                                                            :   09-CV-910 (JG)
DET. WILLIAM HOGAN,                                         :
                                                            :
                      Defendant.   :
------------------------------------------------------------ X

A P P E A R A N C E S:

    KEENEN PARKER
    # 09-A-4055
    Attica Correctional Facility
    639 Exchange Street
    Attica, New York 14011
        Plaintiff, *pro se*

    MICHAEL CARDOZO
    Corporation Counsel for the City of New York
    100 Church Street, Room 3-188
    New York, New York 10007
      By:    Bradford C. Patrick
              Philip Frank
              Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        Kennan Parker, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging malicious prosecution in connection with his arrest and prosecution for the September 11, 2004 murder of Stephan Blakney. The defendant, William Hogan, a former New York Police Department ("NYPD") detective, and Parker have cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was heard on May 20, 2011. I now grant Hogan's motion, deny Parker's, and dismiss Parker's claim.

BACKGROUND

Parker commenced this action on March 2, 2009 against Hogan, the City of New York, the NYPD, District Attorney Charles Hynes, Assistant District Attorney Robert Walsh, Police Officer Andrea Simmonds, and Police Officer Hale. He asserted claims for false arrest, excessive force, and malicious prosecution.[1] In orders dated May 15, 2009 and April 28, 2010, I dismissed all claims other than the claim against Hogan for malicious prosecution. The facts alleged in the complaint are set forth in those orders, and familiarity with them is assumed.

DISCUSSION

A.  *The Legal Standard for Summary Judgment*

A motion for summary judgment should be granted only if the pleadings and documentary evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* When applying this standard, the court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of

---

[1] In his motion for summary judgment, Parker also claims that Hogan violated his Eighth Amendment rights. In support of this assertion, Parker explains: "[P]laintiff had to endure cruel and unusual acts of punishment by [the New York City Department of Corrections], Plaintiff was assaulted by Rikers Island Correction Officers!, Former Det. Hogan violated Plaintiff's 8th amendment right as well as plaintiff 14th amendment." (Pl.'s Mot. Summary Judgment 11, April 28, 2011, ECF. No. 89.) Under the Eighth Amendment, "prison officials are liable for harm incurred by an inmate if the officials acted with deliberate indifference to the safety of the inmate." *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (internal quotation marks omitted). Hogan is not a prison official and is not responsible for the conditions of Parker's confinement. He is not a proper defendant for an Eighth Amendment claim.

2

the party opposing summary judgment." *See Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001).

B.  *The Legal Standard for Malicious Prosecution*

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted).  Under New York law, a malicious prosecution claim has four elements: (1) initiation of a proceeding against the plaintiff; (2) termination of that proceeding in his favor; (3) lack of probable cause; and (4) malice.  *Id*. at 161.  A plaintiff cannot prevail on a malicious prosecution claim where there was probable cause to prosecute.  Indictment by a grand jury creates a presumption of probable cause.  *Rothstein v. Carriere*, 373 F.3d 275, 282-83 (2d Cir. 2004).  The presumption is overcome only where the plaintiff establishes "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Id*. at 283 (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).

C.  *Parker's Malicious Prosecution Claim*

Parker was indicted by a Kings County grand jury on April 27, 2005. Accordingly, a strong presumption of probable cause applies.  In his complaint, Parker alleges that Hogan coerced two witnesses, Bashawn Holliday and Lewis Gonzalez, into making false statements implicating Parker in Blakney's murder.  He also alleges that Hogan was aware that NYPD Police Officer Pugliese-Phillips witnessed the murder and stated that Parker was not the shooter.  Finally, Parker alleges that Hogan knew that the

numerous witnesses who implicated Parker in the shooting – of whom there were at least five – were lying. The evidence submitted in connection with the parties' motions for summary judgment does not support these allegations, and no reasonable factfinder could conclude that Parker has overcome the presumption of probable cause.

Grand jury minutes produced in discovery establish that Holliday and Gonzalez indeed testified in the grand jury proceedings, but based on the evidence, no reasonable juror could find that Hogan influenced either witness's testimony. Hogan has produced "Complaint Follow-Up" forms, or DD-5s, in which NYPD officers memorialize complaints and interviews. The DD-5s indicate that Holliday was interviewed by Detective George Harvey (Harvey Decl. Ex. A, April 15, 2011, ECF No. 83-1) and ADA John Gianotti, Jr. (Patrick Decl. Exs. D, E, April 15, 2011, ECF No. 79-4. 79-5), and that Gonzalez was interviewed by Detective Joseph Sallustio (Sallustio Decl. Ex. B, April 15, 2011, ECF No. 82-2) and ADA Alfred Deinginiis (Patrick Decl. Exs. F, G, ECF No. 1, 2). Parker has identified no evidence indicating that Hogen ever had an opportunity to influence the testimony of either witness, let alone that he wanted to and actually did so.

Parker is equally unable to substantiate his claim about Pugliese-Phillips. A DD-5 signed by Detective Alberto Lozada on September 11, 2004 memorializes an interview of Pugliese-Phillips conducted by Lozada on the day of the shooting. (Patrick Decl. Ex. B, ECF No. 79-2.) Pugliese-Phillips reportedly stated that she was driving in an unmarked police car with her partner when she heard four or five shots at 345 Classon Avenue, Brooklyn, where Blakney was killed. She saw four black men in front of the building, one of whom fell to the ground after the shots. Another of the men ran into the

building, and the remaining two jumped over a fence and ran off. Pugliese-Phillips and her partner apprehended one of these last two men. Neither this DD-5 nor any other evidence identified by Parker contains a statement by Pugliese-Phillips that Parker was not the shooter. Even if there were an indication that such a statement had been made, there is no evidentiary support for the allegation that Hogan was aware of the statement and suppressed it.

        The evidence does reveal that the witnesses who implicated Parker provided somewhat inconsistent accounts of the shooting. According to Bradford Harding, Blakney was standing outside by himself, when the shooter came toward him from the lobby door and fired three or four shots. Lashawn Brown said that Parker and Blakney were arguing about money outside of 345 Classon, when Parker kicked Blakney's legs out from under him and reached for his gun. Hermino Gazmey heard a gunshot from inside of 345 Classon and then saw Parker come out of the lobby struggling with another man; Parker had a gun in his hand and shot the other man in the head after the victim had fallen to the ground. Luis Gonzales saw Blakney and Parker tussling inside the lobby of 345 Classon, saw a gun in Parker's hand, heard two shots, and saw Blakney fall out of the lobby door. Bashawn Holliday reported that Keenan told him he had waited for Blakney in the lobby of 345 Classon, fired a shot at Blakney as he entered the lobby, chased and restrained Blakney as he tried to run, and shot him in the head.

        Parker suggests that, in light of these inconsistencies – and the inconsistencies with Pugliese-Phillips' account – a jury would be compelled to find a lack of probable cause. Parker further argues that Hogan must have known that the witnesses had provided false accounts, and that he failed to investigate sufficiently before

5

prosecuting Parker. "Undoubtedly, further avenues of investigation were open to the police before they relied on circumstantial evidence of the killer's identity, but their failure to pursue the investigation is not the equivalent of fraud or the suppression of evidence. Nor do variations in the witnesses' testimony prove perjury." *Colon*, 60 N.Y.2d at 83.

The evidence of inconsistent descriptions of the events surrounding the murder of Blakney is neither unusual nor troubling. It certainly does not support a finding "that [Parker's] indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Rothstein*, 373 F.3d. at 283 (quoting *Colon*, 60 N.Y.2d at 83). Accordingly, Parker cannot overcome the presumption created by the grand jury's indictment. Because he cannot establish that he was prosecuted without probable cause, his claim of malicious prosecution must fail. I need not address Hogan's other challenges to Parker's claim.

## CONCLUSION

For the reasons stated above, Hogan's motion for summary judgment is granted, and Parker's motion for summary judgment is denied. The sole remaining claim in this case is dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 20, 2011
      Brooklyn, New York

6